# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANGELA LYNN CONNOR, | ) |
|       Plaintiff | ) |
| v. | )    No. 1:13-cv-219-JAW |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
|       Defendant | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand because, in reaching that conclusion, the administrative law judge relied on vocational expert testimony predicated on a flawed determination of her capacity to interact with the public, which she asserts was not harmless error. *See* Itemized Statement of Errors Pursuant to Rule 16.3 Submitted by the Plaintiff ("Statement of Errors") (ECF No. 12) at 3-8. For the reasons that follow, I recommend that the court affirm the decision.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 13, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2011, Finding 1, Record at 16; that, through her date last insured, she had severe impairments of post-traumatic stress disorder, an anxiety disorder, and a depressive disorder, Finding 3, *id.*; that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she could understand, remember, and carry out simple instructions and tasks and perform that work for a normal workday and workweek, she could work alongside co-workers and supervisors, and she should have no more than routine contact with the public, Finding 5, *id.* at 18; that, considering her age (43 years old, defined as a younger individual, on her date last insured, December 31, 2011), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 22; and that she, therefore, was not disabled at any time from March 21, 2007, her alleged date of onset of disability, through December 31, 2011, her date last insured, Finding 11, *id.* at 23. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The administrative law judge asked the vocational expert present at the plaintiff's hearing to assume a hypothetical claimant with no exertional limitations who could only understand simple instructions and tasks and perform the work of simple tasks and was "able to work with co-workers and supervisors; only routine contact with the public; and adapt to simple changes; would be limited to unskilled work." Record at 39-40.

The vocational expert named four representative jobs that such an individual could perform: a medium-level cleaning/laundry-type job, Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") § 323.687-010, with an estimated 250 jobs regionally and about 41,000 nationally, a kitchen helper/dishwashing job, DOT § 318.687-010, with about 800 jobs regionally and about 180,000 nationally, a light-level cleaning job, DOT § 323.687-014, with about 700 jobs regionally and about 130,000 nationally, and a price marker job, DOT § 209.587-034, with an estimated 700 jobs regionally and about 150,000 jobs nationally. *See id*. at 40-41.

The plaintiff's attorney asked whether work would be precluded, if one added a marked limitation in the ability to interact with the public and an inability 20 percent of the time to

complete a normal workday or workweek without interruptions from psychologically-based symptoms and perform work at a consistent pace without unreasonable numbers and length of rest periods. *See id*. at 43. The vocational expert stated that there would be no jobs if, on a regular and continuing basis, there were a 20 percent reduction the ability to complete a normal workday or workweek. *See id*.

As the plaintiff observes, *see* Statement of Errors at 4, the responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record, *see, e.g., Arocho v. Secretary of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir.1982). "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions." *Arocho*, 670 F.2d at 375.

The plaintiff argues that the administrative law judge failed to do so in this case both because he never defined the meaning of the phrase "routine contact with the public" and because it is unsupported by any evidence of record. *See* Statement of Errors at 6-7.

With respect to the first point, she asserts that the phrase "routine contact with the public" is neither a vocational nor a Social Security term of art and that the word "routine," in common parlance, means "regular" or "repeated," as a result of which the administrative law judge effectively assessed no restriction at all. *See id*. at 6.

With respect to the second point, she notes that both experts who provided RFC assessments, agency nonexamining consultant Brian Stahl, Ph.D., and treating mental health provider James E. White, Ph.D., checked boxes indicating that she was markedly limited in her ability to interact appropriately with the general public. *See id*.; *see also* Record at 405 (mental

4

RFC assessment by Dr. Stahl dated August 30, 2010), 447 (mental RFC assessment by Dr. White dated March 15, 2011), 571 (mental RFC assessment by Dr. White dated March 21, 2012). While, as the plaintiff's counsel acknowledged at oral argument, the checkbox portions of the commissioner's mental RFC assessment form are not a mental RFC opinion, *see, e.g., Riley v. Astrue*, No. 06-95-B-W, 2007 WL 951424, at *6 (D. Me. Mar. 27, 2007) (rec. dec., *aff'd* Apr. 18, 2007), Dr. Stahl included, in his mental RFC opinion, a restriction against work with the public, *see* Record at 406.

Dr. White did not provide a mental RFC opinion *per se*; however, he stated in narratives explaining his checkbox findings that the plaintiff suffered from severe panic disorder with agoraphobia and could not go into stores or other public places without the aid of a trusted companion. *See id.* at 447, 571. The plaintiff contends that, while the administrative law judge purported to give "great weight" to the Stahl RFC opinion, he ignored its restriction against work with the public, which is supported by the opinions of Dr. White. *See* Statement of Errors at 6-7; *see also* Record at 21.

She argues that the error is not harmless because (i) the vocational expert testified that there were no jobs available when the original hypothetical profile was altered to add a ban on public contact, as well as an inability to complete a normal workweek, (ii) it would be speculative, in the absence of vocational expert testimony, to discern the degree to which each of the four jobs on which the administrative law judge relied entails exposure to the public, and (iii) each of those jobs seemingly requires work with, or contact with, the public. *See* Statement of Errors at 7-8.

The commissioner contends that there is no error and, in the alternative, any error is harmless. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 2-5. She argues that the limitation to only routine contact with the public was sufficiently

5

clear to the vocational expert that she was able to cite jobs meeting that requirement, and that it was consistent with Dr. Stahl's prohibition against work with the general public, which did not preclude incidental contact. *See id*. at 2-3. She asserts that any inconsistency with Dr. White's opinions is of no moment because the administrative law judge accorded them limited weight, and the plaintiff does not challenge his handling of the White opinions on appeal. *See id*. at 3-4; *see also* Record at 21.[2]

She argues that, in any event, any error is harmless because the DOT rates each of the jobs as "not significant" with respect to taking instructions or helping people, as a result of which they do not require interaction with the public. *See* Statement of Errors at 4-5 (citing *Shorey v. Astrue*, No. 1:11-cv-414-JAW, 2012 WL 3475790, at *6 (D. Me. July 13, 2012) (rec. dec., *aff'd* Aug. 14, 2012); *Arsenault v. Astrue*, Civil No. 08-269-P-H, 2009 WL 982225, at *3 (D. Me. Apr. 12, 2009) (*supplemented on other grounds*, June 8, 2009) (rec. dec., *aff'd* July 28, 2009)).

I agree with the plaintiff that the restriction to "only routine contact with the public" is unsupported by substantial evidence. Undoubtedly, in keeping with his statement that he accorded great weight to the Stahl RFC opinion, the administrative law judge meant to convey a limitation to only *incidental* contact with the general public. But, he did not succeed in doing so. As the plaintiff's counsel suggested at oral argument, the phrase "only routine contact with the public" is, at best, vague, and, at worst, contradictory. Tellingly, the vocational expert seemingly misunderstood it. As the plaintiff's counsel pointed out at oral argument, and the commissioner's

---

[2] At oral argument, the plaintiff's counsel did challenge the relative weight assigned to the Stahl and White opinions, arguing, *inter alia*, that the bulk of the medical evidence of record consists of Dr. White's treatment notes, which were not in existence when Dr. Stahl rendered his opinion. However, as counsel for the commissioner pointed out, the plaintiff waived that argument by failing to raise it in his statement of errors. *See, e.g., Farrin v. Barnhart,* No. 05–144–P–H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

counsel acknowledged, one of the four jobs that the vocational expert testified that a person limited to only *routine* contact with the public could perform, that of cleaner/housekeeping, DOT § 323.687-014, entails at least some degree of *work* with the public. *See* DOT § 323.687-014 (duties include "render[ing] personal assistance to patrons").

Nonetheless, the commissioner is correct that the error is harmless. The DOT rates all of the jobs as "Not Significant" for the category "People: 8 – Taking Instructions – Helping." DOT §§ 323.687-014, 323.687-010, 318.687-010, 209.587-034. This court has construed that rating as consistent with limitations to occasional, brief, and superficial contact with coworkers and supervisors, *see Shorey*, 2012 WL 3475790, at *6, and occasional interaction with the public, *see Arsenault*, 2009 WL 982225, at *3.

Concededly, the limitation at issue here is not identical: Dr. Stahl stated that the plaintiff could not work with the public. Yet, the DOT's descriptions of the duties of three of the jobs – cleaner/hospital, kitchen helper, and marker – do not indicate that they require any work with the public. *See* DOT §§ 323.687-010, 318.687-010, 209.587-034. The plaintiff surmises that these jobs, performed in retail, hospital, or hotel/restaurant settings, at the least entail contact with the general public. *See* Statement of Errors at 8. However, Dr. Stahl did not prohibit incidental contact. Indeed, he suggested that the plaintiff could tolerate such contact, noting, for example, that she shopped in the community. *See* Record at 406.

"This court has routinely held that a single job available in significant numbers in the national economy is sufficient to meet the commissioner's burden at Step 5." *Dana v. Astrue,* Civil No. 09–514–BW, 2010 WL 3397465, at *3 (D. Me. Aug. 24, 2010) (rec. dec., *aff'd* Sept. 13,

7

2010). The identification of three jobs consistent with the Stahl RFC opinion, which the administrative law judge stated that he adopted, suffices to render his error harmless.[3]

The testimony of the vocational expert on which the plaintiff relies does not undermine the conclusion that the error is harmless. The vocational expert stated that a person with both "a marked limitation in the ability to interact with the public" *and* an inability, 20 percent of the time, to complete a normal workday or workweek could perform no work. *See* Record at 43. In so finding, she focused on the latter restriction, stating that if the 20 percent reduction in the ability to complete a normal workday or workweek "was on a regular and continuing basis then, no, there would be no jobs." *Id*. Thus, her testimony cannot fairly be read to indicate that a person with a marked limitation in her ability to interact with the public could perform no jobs.[4]

---

[3] At oral argument, the plaintiff's counsel strenuously argued against any finding of harmless error, stating that the assessment of a limitation to "only routine contact with the public" is so vague and meaningless that one cannot discern what, if any, restriction the administrative law judge meant to assess. In such circumstances, he reasoned, there must be a remand to clarify the administrative law judge's finding and determine whether, based on that finding as clarified, an individual can perform work existing in significant numbers in the national economy. Nonetheless, "a court reviewing an agency action will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Farley v. Astrue*, Civil No. 06-221-P-H, 2007 WL 4608723, at *3 (D. Me. Dec. 28, 2007) (citation and internal quotation marks omitted). In this case, it is reasonably clear that the administrative law judge intended to adopt the Stahl opinion *in toto*. He summarized that opinion, including Dr. Stahl's finding that the plaintiff was "able to work with coworkers and supervisors, but not the public[,]" and then stated that he gave the opinion "great weight." Record at 21. He observed that Dr. Stahl had noted, *inter alia*, that the plaintiff could "shop for herself" and "visit with others[.]" *Id*. Finally, he made clear elsewhere in the decision that he rejected the notion that the plaintiff was unable to go out among the public at all. *See, e.g., id.* at 20 ("The [plaintiff] also alleges severe agoraphobia, resulting in an inability to sustain work-related activities. Dr. White confirmed this allegation. . . . Overall, the record shows that while the [plaintiff] does have limitations in her ability to interact with others, she does retain the capacity to go out in public on her own, maintain relationships, and interact with others as described in the above [RFC].").

[4] At oral argument, the commissioner's counsel contended, in response to my question concerning the plaintiff's counsel's argument that the word "routine" was vague, that if counsel thought that the word was vague or meaningless, he should have objected or sought clarification at the hearing, and his failure to do so precluded the plaintiff from raising that argument on appeal. Because I recommend on other grounds that the court affirm the decision, I need not consider this contention. In any event, because it is an independent basis for affirmance of the decision that could have been, but was not, raised in the commissioner's brief, it is deemed waived. The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived. *See, e.g., Farrin*, 2006 WL 549376, at *5. I perceive no reason against, and indeed fairness would counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge